**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ANTHONY JAMES THOMAS, JR.**                                        **PETITIONER**

**V.**                               **NO: 4:09CM00006 JMM**

**STATE OF ARKANSAS**                                                      **RESPONDENT**

**ORDER**

      Petitioner, Anthony James Thomas, Jr., an inmate in the Faulkner County Detention Facility, asks this Court to remove his pending state criminal charges from the jurisdiction of the Faulkner County Circuit Court and place them within the jurisdiction of the United States District Court for the Eastern District of Arkansas. (Docket # 1). Petitioner contends that his case should be removed from the "lynch-mob justice system" of Faulkner County and that his legal mail has been stolen.

      In order for a criminal defendant to remove a criminal prosecution from a state court, he must file a notice of removal that contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon the defendant in the state court. See 28 U.S.C. § 1446(a). Petitioner has failed to comply with § 1446(a). He has failed to provide copies of the state court process, pleadings, and orders.

      Further, Petitioner's notice of removal does not contain a short and plain statement of the grounds for removal. A state criminal prosecution may be removed to this Court by a defendant only under limited circumstances. There are three statutes which govern the removal to this Court of criminal prosecutions. Pursuant to 28 U.S.C. § 1442, federal officers prosecuted for acts done in furtherance of their official duties may remove the state prosecution to federal court. Under § 1442

(a) members of the armed forces in certain limited situations may remove the state prosecution to federal court. Finally, under 28 U.S.C. § 1443(1) and (2), a defendant may remove a state prosecution to federal court where it is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), discussed section 1443(1) and concluded that the phrase "any law providing for ... equal civil rights" meant any law providing for specific civil rights stated in terms of racial equality. In other words, broad contentions of deprivations of equal protection and due process under the Fourteenth Amendment do not support removal of claims under Section 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219(1975) ("That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of §1443(1)"). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Because Petitioner is not a federal officer and his allegations of deprivations of equal protection and due process do not support removal of claims under Section 1443(1), no statutory basis exists for the removal of Petitioner's criminal case from state court to federal court.

Therefore, Petitioner's criminal case is hereby remanded summarily to the Faulkner County Circuit Court pursuant to 28 U.S.C. § 1446(c)(4).

IT IS SO ORDERED this 10th day of February, 2009.

_____
James M. Moody
United States District Judge